IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sadiq Calloway, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 9:18-cv-00598 |
| v. | ) | |
| | ) | **ORDER** |
| Warden FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2241. Petitioner, proceeding *pro se* and *in forma pauperis*, filed this Petition for writ of habeas corpus on March 2, 2018. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On April 5, 2018, the magistrate judge issued a Proper Form Order, which ordered that the case be brought into proper form by April 26, 2018. (ECF No. 5). This Proper Form Order specifically warned Petitioner that if he did not comply, the case may be dismissed for failure to prosecute. *Id.* at 1. After this deadline had expired, the magistrate judge re-mailed the Proper Form order on May 7, 2018. (ECF No. 8). However, the case has yet to be brought into proper form. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Respondent's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of Petitioner's failure to prosecute. (ECF No. 9). Petitioner was advised of his right to object to the Report. (ECF No. 9 at 4). However, Petitioner filed no objections, and the time to do so has now run.[1]

---

[1] The magistrate judge provided Petitioner with another chance to bring the case into proper form by stating in his Report that Petitioner if could "satisfy[] the requirements for proceeding with this case as set forth in the proper form Order within the time set forth for filing objections," then the Clerk would "vacate the Report and

1

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 9), which is incorporated herein by reference. The court finds that sanctions less drastic than dismissal would not be effective in this case because Petitioner has already ignored court Orders and deadlines at this point. Accordingly, this case is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

---

Recommendation and return this file" to the magistrate judge for review. (ECF No. 9 at 2). However, Petitioner has still not brought the case into proper form, and the time for objections has run.

s/Timothy M. Cain
                                                            United States District Judge

Anderson, South Carolina
June 26, 2018